O'FLYN v. POWERS et al.

(City Court of Brooklyn, General Term. October 31, 1892.)

1. EXECUTORS AND ADMINISTRATORS—ACCOUNTING—LIMITATION OF ACTIONS.
Under Code Civil Proc. § 2740, providing that from the death of decedent until the first judicial settlement of the accounts of the executor or administrator the running of the statute of limitations against a debt due from decedent to the party accounting is suspended, it is immaterial that the first accounting is not made within six years after one year from the issuing of letters testamentary or of administration. In re Powers, 26 N. E. Rep. 940, 124 N. Y. 361, followed.

2. TESTAMENTARY POWERS—SALE OF REAL ESTATE.
The provisions of a will empowering the executor to sell testator's lands for any purpose which in his discretion may render it advisable so to do, and directing the payment of testator's just debts out of her property, gives the executor power to sell realty to pay debts; and proceeds of such sales are assets in his hands for that purpose. In re Powers, 26 N. E. Rep. 940, 124 N. Y. 361, followed.

Case submitted on agreed statement.

Submission, without action, of a controversy between Mary L. O'Flyn, who is styled plaintiff, and George A. Powers, executor and trustee under the last will and testament of Sarah Macomber, deceased, Seaman L. Pettit, George Powers, William Powers, Thomas Powers, Georgianna Keep, and Robert D. Macomber, defendants. Judgment for defendant George A. Powers.

The agreed statement presents substantially the following facts: Testatrix died in 1873, seised of considerable real estate. After certain specific devises, she devised her residuary estate to George A. Powers, her son-in-law and executor, on certain trusts for her children and their issue, and the residuary estate is now vested, one third in the executor in trust for Robert D. Macomber, a son of testatrix, during his life, with remainder to his issue, or, on failure of issue, to the children of Mary L. Powers, a daughter, and the remaining two thirds to the children of Mary L. Powers. Plaintiff is a daughter of George A. Powers, the executor, and Mary L. Powers. Testatrix directed her executor to pay all just debts from her property, and for that purpose, or any other "which in his discretion may render it advisable so to do," gave him full power to sell any of her real estate, at any time before the final division and settlement.

The executor rendered his first account to the surrogate September 29, 1887, and upon such accounting presented claims against the estate in his own favor amounting, as allowed by the surrogate, April 24, 1890, after contest by the plaintiff herein, to $133,700.32; and the executor was allowed, by decree of the surrogate, to apply the balance in his hands, amounting to $56,845.26, to the payment of these claims, leaving still due him the sum of $79,632.56. The balance so applied consisted partly of proceeds of sales of real estate, and the right of the executor to apply such proceeds was a prominent feature of the contest before the surrogate. In re Powers 11 N. Y. Supp. 396. The litigation was carried to the court of appeals, and the decree of the surrogate was in all things affirmed. 124 N. Y. 361, 26 N. E. Rep. 940. In March, 1892, the executor, for the purpose of obtaining moneys applicable to the payment of the balance due him from the estate, put up for sale at public auction a piece of real estate of which testatrix died seised, and the same was struck down to the defendant Pettit for $77,000. It is expressly conceded that the sale was made upon due notice, and no claim is made that it was conducted improperly, or that the price was inadequate. Be-

fore any deed had been delivered, plaintiff commenced an action in this court to enjoin the delivery of the deed on the ground that the executor had no power to convey under the will; and the parties in interest have agreed upon this submission as a substitute for that action. "And the parties hereto stipulate to, and do, go to trial hereon. and that the court may render judgment construing the said will, and determining whether the said executor has the power thereunder to make the said sale and conveyance, and may make the same, and convey a good title in fee thereby; and whether the said sale shall be specifically performed, or whether the said executor shall be restrained from making the said conveyance; and on the trial hereof each and every statute of limitation deemed applicable may be cited and relied upon as though the limitation therein provided had been specifically recited and pleaded herein."

Argued before CLEMENT, C. J., and OSBORNE and VAN WYCK, JJ.

Wm. J. Gaynor, for plaintiff.
F. Ingraham, for defendant.

CLEMENT, C. J.   This case is submitted to the general term without process, pursuant to section 1279 of the Code, and the facts appear in the printed record.   By section 2740 of the Code it is provided that, from the death of the decedent until the first judicial settlement of the accounts of the executor, the running of the statute of limitations against a debt due from the decedent to the accounting party is suspended, but that after the first judicial settlement the statute begins again to run against the debt.   This section was passed in lieu of section 37 of chapter 460 of the Laws of 1837, as amended by chapter 594 of the Laws of 1868.   By section 37 the proof of the claim of an executor or administrator could be made, either on the return before the surrogate of a citation for that purpose, or on the final accounting, and the statute of limitations was not available as a defense, provided the same was presented at the accounting, and providing the claim was not barred by statute at the time of the death of the testator or intestate.   In re Ryder, 129 N. Y. 640, 29 N. E. Rep. 309.   The claim of Mr. Powers was allowed on the first judicial settlement of his accounts, on April 14th, 1890, and such allowance was affirmed by the court of appeals.   In re Powers, 124 N. Y. 361, 26 N. E. Rep. 940.   Judge Bradley, in that case, says:

"The contention that it was not within the legislative contemplation that the suspension of the statute of limitations should be continued beyond six years succeeding one year after the granting of letters testamentary or of administration has no support in the plain language of the provision above mentioned."

While Judge Bradley limits the application of his decision to the proceedings in the surrogate's court, yet his associates held that the proceeds of sale of real estate made as late as 1883, and before the claim was proved, should be retained on account of said claim.   If the executor could retain such proceeds, it would seem that he had a right to sell other property to realize the balance.   Section 2740 reads that the running of the statute of limitations against the debt is suspended from the death to the first judicial settlement, and we think that it means the debt, not only in the proceeding to prove the same before the surrogate, but also in any other proceeding or action wherein the claim is sought to be enforced.   We doubt if an executor could institute proceedings

for the sale of real property for the payment of debts until he had proved his claim on a judicial settlement of his accounts. This is not the rule in the case of other creditors, as they may proceed without a judicial settlement. The latter clause of section 2740 is suggestive of the idea that the statute of limitations is suspended as to all proceedings. If the object of the section was to suspend the statute only for the purpose of proving the claim against the personal property, it would be inferred that the executor had realized all that could be collected prior to the judicial settlement, (Code, § 2514, subd. 8; Id. § 2729;) and it was not necessary to add to the section that after the first judicial settlement the statute begins to run against the debt. Judge Bradley said, on the question whether Mr. Powers could apply the proceeds of sales of land to the payment of his debt:

"The power was given to the executor to sell for any purpose which, in his discretion, should render it desirable so to do. This placed it within his power to make sale when, in his judgment, it was required to pay debts, taxes, or other expenses within his trusts, and to the extent by him deemed necessary for such purpose, subject, however, to the qualification that some permissible occasion existed for the exercise of his discretion in that respect."

We have already noted that one sale was made in 1883, more than three years after the granting of letters, and ten years after the death of Mrs. Macomber, and when the debt of Mr. Powers had outlawed but for the provisions of section 2740. The decision of the court of appeals on the question of the application of the proceeds of sale was made substantially on the same briefs as in this case, and seems to us to be an adjudication on the questions submitted, and we place our decision solely on the authority of that case. Judgment in favor of the defendant George A. Powers, as executor, that he has power under the will of Sarah Macomber to make the sale and conveyance in the submission referred to, and may make the same, and convey a good title in fee thereby, and that said sale shall be specifically performed, with costs to defendant George A. Powers, executor, to be paid out of the estate. All concur.